UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN-FRANCIS J. SUPPAH,<br><br>               Petitioner,<br><br>   v.<br><br>PIERCE COUNTY,<br><br>               Respondent. | Case No. C08-5146RJB-KLS<br><br>ORDER TO SHOW CAUSE |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on petitioner's filing of an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. To file a petition and initiate legal proceedings, petitioner must pay a filing fee of $5.00 or file a proper application to proceed *in forma pauperis*.

      On March 4, 2008, the Clerk received petitioner's petition and application to proceed *in forma pauperis*. (Dkt. #1). On March 12, 2008, the Clerk sent a letter to petitioner, informing him that his application contained certain deficiencies. (Dkt. #2). Although those deficiencies were cured by petitioner on March 27, 2008 (Dkt. #3), his application remains deficient. Specifically, plaintiff indicates in his application that he has received no money from any source during the past 12 months. (Dkt. #1, p.

ORDER
Page - 1

1). The account statement from the institution where he is incarcerated, however, shows he received from one or more outside sources the following monetary amounts: $40.00 in November 2007; $20.00 in December 2007; $40.00 in January 2008; and $40.00 in February 2008. As such, the Court at this time is unable to determine plaintiff's entitlement to *in forma pauperis* status.

In addition, it appears that this matter is improperly before this Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

The petition does not indicate that petitioner's grounds for federal *habeas corpus* relief have been properly exhausted in state court. Specifically, the petition does not show that his claims for federal *habeas corpus* relief have been presented to the Washington State Supreme Court. Indeed, petitioner expressly indicates that he has filed no appeal or sought any collateral attack on his conviction or sentence in the state appellate courts. While plaintiff claims he has not filed any such appeal or collateral attack because his attorney refuses to do so, he makes no showing that his attorney was required to act on his behalf or that he was unable to proceed *pro se* at the state level. Nor does the record indicate any state procedural bar to petitioner doing so now.

Further, the petition, as well as the proposed motions attached to the petition, indicate petitioner in fact may have intended to pursue this matter in state court, or at least feels that the state forum may be the more appropriate one here. While petitioner asks that this matter be transferred to state court in that event, the Court cannot do so for him. Rather he must make that filing on his own. Petitioner thus may want to consider voluntarily dismissing this action and pursue (i.e., exhaust) any available remedies he may have in state court, before this Court ultimately rules on his eligibility for *in forma pauperis* status and whether or not his petition should be denied for failure to exhaust administrative remedies.

Accordingly, the Court hereby orders the following:

(1) Plaintiff shall by **no later than April 26, 2008**, (a) cure the above noted deficiency in his application to proceed *in forma pauperis* by filing an explanation regarding the sources of the funds he has received over the past 12 months and whether or not he anticipates that he will continue to receive such funds and in what amounts, or (b) file a response setting forth a request to dismiss this matter without prejudice so that he may pursue any available state court remedies.

**Failure to so respond to the Court's order by the above date shall be deemed a failure to properly prosecute this matter and will result in a recommendation of dismissal of this matter without prejudice.**

(2) The Clerk is directed to send a copy of this Order to plaintiff. The Clerk further is directed to send petitioner copies of the motions attached to his petition (Dkt. #1-2, pp. 15-23) as he has requested (Dkt. #4).

DATED this 27th day of March, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge