UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN-FRANCIS J. SUPPAH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PIERCE COUNTY,<br><br>　　　　Respondent. | Case No. C08-5146RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 20, 2008 |

Petitioner, at the time of the filing of his petition pursuant to 28 U.S.C. § 2254, was a prisoner incarcerated at the Pierce County Jail, located in Tacoma, Washington. This matter is before the Court on petitioner's failure to comply with the undersigned's order to show cause regarding certain deficiencies in both his application to proceed *in forma pauperis* and petition. (Dkt. #5). After a review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition for failure to comply with the undersigned's order to show cause.

## DISCUSSION

On March 4, 2008, the Clerk received petitioner's petition and application to proceed *in forma pauperis*. (Dkt. #1). On March 12, 2008, the Clerk sent a letter to petitioner, informing him that his application contained certain deficiencies. (Dkt. #2). The undersigned found in the order to show cause that although those deficiencies were cured by petitioner on March 27, 2008 (Dkt. #3), his application remained deficient. Specifically, plaintiff indicated in his application that he had received no money from any source during the past 12 months. (Dkt. #1, p. 1). The account statement from the institution where

REPORT AND RECOMMENDATION
Page - 1

1 he was incarcerated, however, showed that he received from one or more outside sources the following
2 monetary amounts: $40.00 in November 2007; $20.00 in December 2007; $40.00 in January 2008; and
3 $40.00 in February 2008. The undersigned thus informed petitioner that because of this, the Court was
4 unable to determine his entitlement to *in forma pauperis* status.

5       In addition, the undersigned found that it appeared this matter was improperly before this Court.
6 The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas*
7 *corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent.
8 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can
9 satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to
10 consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276
11 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to
12 the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes,
13 504 U.S. 1, 8 (1992).

14       The undersigned informed petitioner that the petition failed to indicate his grounds for federal
15 *habeas corpus* relief had been properly exhausted in state court. Specifically, the petition did <u>not</u> show
16 that his claims for federal *habeas corpus* relief had been presented to the Washington State Supreme
17 Court. Indeed, petitioner expressly indicated that he had filed no appeal or sought any collateral attack on
18 his conviction or sentence in the state appellate courts. While plaintiff claimed he had not filed any such
19 appeal or collateral attack because his attorney refused to do so, he made no showing that his attorney was
20 required to act on his behalf or that he was unable to proceed *pro se* at the state level. Nor did the record
21 indicate any state procedural bar to petitioner doing so at this time.

22       Further, the petition, as well as the proposed motions attached to the petition, indicate petitioner in
23 fact may have intended to pursue this matter in state court, or at least felt that the state forum may be the
24 more appropriate one here. While petitioner asked that this matter be transferred to state court in that
25 event, the undersigned informed him that the Court could not do so for him. Rather he must make that
26 filing on his own. Thus, the undersigned further informed petitioner that he may want to consider
27 voluntarily dismissing this action and pursue (i.e., exhaust) any available remedies he may have in state
28 court, before this Court ultimately rules on his eligibility for *in forma pauperis* status and whether or not

REPORT AND RECOMMENDATION
Page - 2

his petition should be denied for failure to exhaust administrative remedies.

To that extent, the undersigned ordered that by no later than April 26, 2008, petitioner (a) cure the above noted deficiency in his application to proceed *in forma pauperis* by filing an explanation regarding the sources of the funds he received over the past 12 months and whether or not he anticipated he would continue to receive such funds and in what amounts, or (b) file a response requesting that this matter be dismissed without prejudice so that he may pursue any available state court remedies.  Petitioner also was warned that failure to so respond by the above date would be deemed a failure to properly prosecute this matter and result in a recommendation of dismissal of this matter without prejudice.  To date, however, petitioner has failed to file any response with the Court.

## CONCLUSION

Because petitioner has failed to respond to the Court's order to show cause (Dkt. #5), the Court should dismiss this case without prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 20, 2008**, as noted in the caption.

DATED this 27th day of May, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3